IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EZEQUIEL MARTINEZ AS TRUSTEE OF 7015 HEATHERS PLACE LAND TRUST, *Plaintiff*, v. WELLS FARGO BANK, N.A., BARRETT DAFFIN FRAPPIER TURNER & ENGEL LLP, and THOMAS E. BLACK, JR., *Defendants*. | § § § § § § § § § § § § § § | Civil Action No.  SA-12-CV-789-XR |

**ORDER**

On this day the Court considered Plaintiff's Motion for New Trial and for Rehearing (Doc. No. 31). Because Plaintiff's motion asks the Court to reconsider its ruling on Wells Fargo's motion to dismiss and was filed within twenty-eight days after the entry of final judgment, the Court will construe Plaintiff's motion as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (explaining that a motion asking the court to reconsider a prior ruling is evaluated as a motion to alter or amend judgment under Rule 59(e) if the motion was filed within twenty-eight days after the entry of judgment).

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (internal quotation marks omitted). To be entitled to relief under Rule 59(e), a movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res. Grp. Inc.*,

1

342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Id.*

Here, Plaintiff has failed to identify a manifest error of law or fact or present newly discovered evidence demonstrating that the judgment that was entered in this case is incorrect. Nor has Plaintiff shown that relief under Rule 59(e) is appropriate because of a change in controlling case law. To the contrary, two recent Fifth Circuit opinions corroborate this Court's entry of judgment in favor of Wells Fargo. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, --- F.3d ---, 2013 WL 3480207 (5th Cir. July 11, 2013); *Martins v. BAC Home Loans Servicing, L.P.*, --- F.3d ---, 2013 WL 3213633 (5th Cir. June 26, 2013).[1]

Accordingly, Plaintiff's Motion for New Trial and for Rehearing (Doc. No. 31) is DENIED.

SIGNED this 30th day of July, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1] When ruling on Wells Fargo's motion to dismiss Plaintiff's quiet title claim, the Court did not need to reach the issue of whether the assignment of the mortgage was valid because the documents central to Plaintiff's claim established that Wells Fargo was the holder of the note and Plaintiff failed to allege specific facts suggesting otherwise. *See Kiggundu v. Mortg. Elec. Registration Sys. Inc.*, 469 F. App'x 330, 332 (5th Cir. 2012) (holding that the defendant was not required to show that the deed of trust had been assigned to it because the defendant had established that it was the holder of the note). Likewise, when ruling on Wells Fargo's motion to dismiss Plaintiff's cause of action under Chapter 12 of the Texas Civil Practice and Remedies Code, the Court did not need to reach the issue of whether the assignment was fraudulent because Plaintiff failed to allege sufficient facts demonstrating that Wells Fargo acted with intent to cause physical injury, financial injury, or mental anguish or emotional distress. *See* TEX. CIV. PRAC. & REM. CODE § 12.002(a)(3). However, even if the Court had needed to consider Plaintiff's challenges to the assignment, the Court's holding would have been no different because the challenges fail as a matter of law. *See Reinagel*, --- F.3d ---, 2013 WL 3480207, at *3-5.